IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| **New England Synod, Evangelical Lutheran Church in America,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Department of Homeland Security,** *et al.*, <br><br> Defendants. | **Case No. 4:25-cv-40102-FDS** |

**CONSOLIDATED MOTION TO IMPOUND AND FOR ENTRY OF PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs respectfully submit this consolidated motion seeking necessary protections for the lists of the names and addresses of their places of worship and adjacent protected facilities, and descriptions of adjacent protected areas, that the preliminary injunction order directs Plaintiffs to file on the docket and provide to Defendants, ECF No. 75 §§ 7-8. Specifically, Plaintiffs move under Local Rule 7.2 for an order to impound this information—i.e., grant them leave to file it under seal. Plaintiffs further request entry of the attached proposed protective order limiting use of this information by the government. Because the preliminary injunction order directs Plaintiffs to file the first tranche of this information by February 27, 2026, ECF No. 75 § 6, Plaintiffs respectfully request a ruling in advance of that date.

Prior to filing this motion, Plaintiffs conferred with counsel for Defendants and shared a copy of the attached proposed protective order. Defendants indicated their position as follows:

> Defendants oppose Plaintiffs' request to file the lists of places of worship and adjacent protected areas under seal.  Plaintiffs' places of worship and the adjacent protected areas are public facing and, presumably, identified on their public websites and other publicly available locations to facilitate attendance of their

1

religious services. Further, the Preliminary Injunction does not require Plaintiffs to include personally identifying information on the lists. Defendants oppose Plaintiffs' request for a Protective Order for the same reasons.

## ARGUMENT

**I.      Good cause exists to grant leave to file the information under seal.**

"[P]arties seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *In re Admin. Subpoena*, 800 F. Supp. 3d 229, 234 (D. Mass. 2025). "Good cause exists where the moving party demonstrates 'the harm that would be sustained if the court did not allow the filing under seal.'" *Id.* (quoting *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-cv-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008)).

Plaintiffs risk harm if the Court does not allow the filing of this information under seal. Plaintiffs and their members reasonably fear they may be the victims of retaliation, harassment, and attempts at intimidation as a result of their participation in this lawsuit. Indeed, several of Plaintiffs' members were willing to submit declarations only under pseudonym. *See* Ex. 19 ¶ 4 (explaining that "I fear retaliation and harassment against myself and my congregation"), Ex. 25 ¶ 2 ("I wish to submit this declaration anonymously out of fear that my church will be targeted"). Others have already been the targets of violence in the recent past. *See* Ex. 14 ¶ 11 (describing vandalization of declarant's church by members of the Proud Boys in response to the church's support for LGBTQIA rights). Approximately one week after the filing of Plaintiffs' motion for a stay or preliminary injunction and supporting declarations, one declarant's church received an email from someone impersonating the declarant and asking for a copy of the church's membership directory. A consolidated list of and description of all the protected areas of Plaintiffs' members would, if made publicly available, expose them to even greater risk of such targeting in the future.

That threat to Plaintiffs' members weighs strongly in favor of the relief requested. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[A]ccess [to court filings] has been denied where court files might have become a vehicle for improper purposes."). Indeed, similar concerns led the court in *Philadelphia Yearly Meeting v. DHS* to enter a protective order limiting the uses to which the government could put address information provided by the plaintiffs in that case. *See* Protective Order, *Phil. Yearly Meeting of the Religious Society of Friends v. DHS*, No. 8:25-cv-00243 (D. Md. Mar. 5, 2025), ECF No. 71 (attached as Exhibit A). (Because plaintiffs in that case were not directed to file address information to the public docket, no motion to seal was necessary.) And courts frequently grant motions to seal or redact plaintiffs' address and location information. *See, e.g.*, *Loggins v. Skywest Airlines, Inc.*, No. 23-cv-887, 2025 WL 267358, at *1 (W.D. Okla. Jan. 22, 2025); *Doe v. Law Offs. of Winn & Sims*, No. 06-cv-00599, 2021 WL 9917688, at *2 (S.D. Cal. June 21, 2021); *Yaman v. Dep't of State*, 786 F. Supp. 2d 148, 154 (D.D.C. 2011).

Contrary to Defendants' position, the fact that some of the information at issue here could be determined piecemeal from public sources does not defeat Plaintiffs' showing of good cause. As the Supreme Court has explained, "there are few facts that are not at one time or another divulged to another," yet "there is a vast difference between the public records that might be found after a diligent search … and a computerized summary located in a single clearinghouse of information." *Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989); *see also Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 500 (1994) ("An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form."); *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-2879, 2022 WL 951692, at *5 (D.

3

Md. Mar. 30, 2022) (concluding that address information was "confidential irrespective of whether certain elements … can be found scattered in obscure and discreet locations on the Internet via a search of public and private databases"). Plaintiffs' membership comprises thousands of congregations across the country. There is a "vast difference" between the location information that a single bad actor could practically assemble from available public sources and the consolidated list of and physical descriptions of all these congregations' protected areas—including church schools and playgrounds—that Plaintiffs seek to protect.

On the other side of the ledger, the public interest in access to this information is minimal at best. The specific location of all of Plaintiffs' protected areas has relevance only for the ministerial implementation of the preliminary injunction order and not for resolution of this case on the merits. Therefore, this information is not such that it would "allow[] the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system," or "to know what the executive branch is about," *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (quotation marks omitted), and the strong public interest that generally exists in favor of access to court records does not obtain here. Defendants' response does not suggest any disagreement on this point: It does not identify any public interest in this information being generally available; nor does it identify any possible harm to the government from the information being filed under seal.[1]

## II.    Good cause exists for entry of the proposed protective order.

Federal Rule of Civil Procedure 26(c) provides that a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[1] Pursuant to Local Civil Rule 7.2(a), Plaintiffs state that, for all the reasons set forth in this motion, good cause exists to maintain the impounding order until further order of the Court.

4

burden or expense." "[T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005).

Good cause exists to enter the attached proposed protective order, which is substantively identical to the order that the court entered in *Philadelphia Yearly Meeting*. *See* Ex. A. Just as Plaintiffs and their members reasonably fear harassment from public disclosure of this information, they have good reason to fear government misuse of the information—even if filed under seal—that could endanger the safety of staff, congregants, and individuals served by Plaintiffs' ministries. In numerous instances, the administration appears to have retaliated against other litigants for their protected First Amendment activities. *E.g.*, *Am. Acad. of Pediatrics v. HHS*, No. 25-cv-4505, 2026 WL 80796, at *21 (D.D.C. Jan. 11, 2026) (finding that Defendant HHS had likely terminated plaintiff's grants in retaliation for plaintiff's protected First Amendment activities critical of the administration); *Am. Bar Ass'n v. Dep't of Just.*, 783 F. Supp. 3d 236, 246 (D.D.C. 2025) ("The ABA has made a strong showing that Defendants terminated its grants to retaliate against it for engaging in protected speech."). Nor has the administration—and Defendants specifically—previously demonstrated any great commitment to the proper handling of potentially sensitive data. *See, e.g.*, *Cmty. Econ. Dev. Ctr. of Se. Mass. v. Bessent*, No. 1:25-cv-12822-IT, 2026 WL 309281, at *17 (D. Mass. Feb. 5, 2026) ("Plaintiffs have established a high likelihood that ICE's handling, use, and storage of taxpayer addresses violated and continues to violate [statutory requirements]"); *Ctr. for Taxpayer Rts. v. IRS*, No. 25-cv-0457, 2025 WL 3251044, at *2 (D.D.C. Nov. 21, 2025) ("Plaintiffs have shown that the IRS's disclosure of confidential taxpayer address information to ICE was contrary to law"). The proposed protective order is warranted to ensure that Plaintiffs and their members are not subject

to "oppression" and "undue burden" resulting from misuse of the disclosed information, including its unauthorized distribution. *See* Fed. R. Civ. P. 26(c).

The proposed protective order is also appropriately tailored to address Plaintiffs' concerns without unduly burdening Defendants. The proposed order, for example, protects Defendants' interests by addressing situations in which a subpoena, applicable law, or court order requires them to review or disclose information covered by the order. It also permits disclosure to federal, state, or local agencies or sub-agencies where necessary to enable compliance, and it clarifies that it does not apply to information obtained by Defendants through other means.

Indeed, at no point in the conferral process about this motion did Defendants suggest that the proposed protective order was unduly burdensome or would hinder their operations in any way. They did not identify any legitimate action they would like to take that the protective order would prevent. They did not identify any way in which the substantively identical order that was entered nearly a year ago in *Philadelphia Yearly Meeting* has harmed them. And they did not request or propose any alterations to the specific language in the proposed order, which Plaintiffs provided to them during the conferral process. Defendants' unsupported objection provides no grounds for denying the reasonable protections Plaintiffs request.

## CONCLUSION

For all these reasons, the Court should grant this consolidated motion to impound and for entry of a protective order in advance of Plaintiffs' February 27 deadline.

| | |
|---|---|
| Dated: February 19, 2026 | Respectfully submitted, |
| | |
| | /s/ *Kevin E. Friedl* |
| Ryan Downer* | Kevin E. Friedl* |
| Madeleine Gates* | Sarah Goetz* |
| WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS | Andrew Bookbinder* |
| | J. Sterling Moore* |
| 700 14th St. NW, Suite 400 | Mark B. Samburg |
| Washington, DC 20005 | Ayesha Khan* |
| ryan_downer@washlaw.org | DEMOCRACY FORWARD FOUNDATION |
| madeleine_gates@washlaw.org | P.O. Box 34553 |
| | Washington, DC 20043 |
| Richard J. Leveridge* | Phone: (202) 448-9090 |
| Sonia W. Murphy* | Fax: (202) 796-4426 |
| Brandon A. Levey* | kfriedl@democracyforward.org |
| Samone Ijoma* | sgoetz@democracyforward.org |
| Brittney M. Welch* | abookbinder@democracyforward.org |
| GILBERT LLP | smoore@democracyforward.org |
| 700 Pennsylvania Ave. SE #400 | msamburg@democracyforward.org |
| Washington, DC 20003 | awiggins@democracyforward.org |
| Leveridger@gilbertlegal.com | |
| Murphys@gilbertlegal.com | |
| Leveyb@gilbertlegal.com | |
| Ijomas@gilbertlegal.com | |
| Welchb@gilbertlegal.com | |
| | *Admitted *pro hac vice* |

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

Prior to filing this consolidated motion, I conferred with counsel for Defendants and attempted in good faith to resolve or narrow the issues presented. I emailed counsel for Defendants on February 17, February 18, and February 19 in an effort to determine Defendants' position, which Defendants provided on February 19.

*/s/ Kevin E. Friedl*
Kevin E. Friedl
