UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW ENGLAND SYNOD, ) <br> EVANGELICAL LUTHERAN CHURCH ) <br> IN AMERICA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, et al., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 25-40102-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFFS' CONSOLIDATED MOTION
TO IMPOUND AND FOR ENTRY OF PROTECTIVE ORDER**

**SAYLOR, J.**

This case involves a challenge to a revised federal policy concerning immigration enforcement in or near churches. Plaintiffs are various Christian church organizations. On February 13, 2026, the Court issued a preliminary injunction enjoining defendants, the United States Department of Homeland Security and related government agencies and officials, from taking certain immigration enforcement actions near plaintiffs' places of worship. (Dkt. No. 75). The Court further ordered plaintiffs to provide defendants and file on the docket a list of the names and addresses of their places of worship and adjacent protected facilities, and descriptions of adjacent protected areas. (*Id.* at 5). Plaintiffs have moved to impound that information and for the entry of a protective order limiting the use of that information by the government. (Dkt. No. 76).

The Court will deny the motion. Plaintiffs are church organizations held open to the public. No personal information is being disclosed. Rather, the location of their places of worship is information "freely available to the public." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 764 (1989). This is not the case where, absent a court filing, private or confidential information could be discovered only through "obscure and discreet locations on the Internet via a search of public and private databases." *In re Marriott Int'l Customer Data Sec. Breach Litig.*, 2022 WL 951692, at *5 (D. Md. Mar. 30, 2022); *see U.S. Dep't of Just.*, 489 U.S. at 764 (protecting the privacy of rap sheets although they "might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country"); *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 500 (1994) (protecting home addresses although they "often are publicly available through sources such as telephone directories and voter registration lists").

In addition, plaintiffs' motion for a protective order is only concerned with government misuse of the information. They contend that "the administration appears to have retaliated against other litigants for their protected First Amendment activities." (Dkt. No. 76, at 5). Defendants are cautioned that any such retaliatory actions are prohibited and will be treated as contempt of court.

For the foregoing reasons, plaintiffs' consolidated motion to impound and for entry of protective order is DENIED.

**So Ordered.**

Dated: February 26, 2026

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge