**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

**New England Synod, Evangelical Lutheran Church in America,** *et al.*,

Plaintiffs,

v.

**Department of Homeland Security,** *et al.*,

Defendants.

**Case No. 4:25-cv-40102-FDS**

## NOTICE OF SUPPLEMENTAL DEVELOPMENT

Plaintiffs write to alert the Court to a recent filing by the government bearing on DHS's surveillance at University Baptist Church and Plaintiffs' pending motion for an order to show cause, ECF No. 117. The day after Plaintiffs filed that motion, the government advanced a new justification for its surveillance and, along with it, another troubling interpretation of the Court's preliminary-injunction order.

The government in *United States v. Sant*, No. 26-cr-115 (D. Minn.), now argues that DHS's infiltration of a class inside University Baptist Church did not violate the Court's preliminary injunction because "the use of the church on that day" was not "central" to the church's "mission." Ex. 6 at 35.[1] For support, it relies on the preliminary injunction's definition of "Adjacent Protected Facility" as "any building, premises, or other physical facility attached to or adjacent to a Place of

[1] In addition, the government there also takes the position Plaintiffs have already described, that the ICE agent was "not engaged in immigration enforcement" at the time. Ex. 6 at 35; *but see* ECF 117 at 7–10 (explaining why that argument is wrong).

Worship that is used by Plaintiffs to conduct activities, such as religious education and religious ministry, that are central to their religious mission." *Id.* (quoting PI Order ¶ 1(d) (ECF No. 75)).

At no point during the parties' conferral preceding Plaintiffs' motion for an order to show cause did the government raise this argument to justify surveillance at University Baptist Church. *See* Ex. 4 (ECF 117-4). Nor does this new argument withstand scrutiny.

First, the government offers no explanation for its premise that "Adjacent Protected Area" is the relevant preliminary-injunction definition. It is not. The gymnasium that ICE infiltrated is a part of the church building itself, immediately below the sanctuary. Lubke Decl. ¶ 9 (ECF No. 117-6). That building has been identified as a "Place[] of Worship"—not an "Adjacent Protected Facilit[y]"—in every list of Protected Areas Plaintiffs have submitted since the preliminary injunction took effect. *See, e.g.*, ECF No. 96-1 at 160. The preliminary injunction defines "Place of Worship" to include any "building . . . that is regularly used by Plaintiffs to conduct religious services." PI Order ¶ 1(c). That definition does not revolve around the "centrality" of any particular activity occurring in a Place of Worship to a Plaintiff's "religious mission." It is beyond dispute that University Baptist Church's church building qualifies as a Place of Worship—and therefore a Protected Area, *see id.* ¶ 1(f)—under the order.

If the government believes a Protected Area does not qualify for protection, the Court has provided it with a way to object. DHS "may move to strike any . . . list or description, or to seek modification or clarification, at any time." *Id.* ¶ 9. But DHS has never invoked this review process, to challenge University Baptist Church's inclusion or that of any other Protected Area. DHS cannot short-circuit the process the Court established in its order by unilaterally deciding that a Protected Area does not deserve protection, taking an enforcement action there, and then suggesting afterwards that the location should not have been on the list.

Nor is the government's argument that a particular activity at a particular time was not "central" to the church's mission consistent with the Court's preliminary-injunction framework. Once Plaintiffs have properly designated a location as a Protected Area under the order, as Plaintiffs did here for University Baptist Church, its protection does not vary from hour to hour based on whether DHS believes what's going on inside at that moment is "central" enough to a Plaintiff's religious mission. *See id.* ¶¶ 2–6 (regulating immigration-enforcement actions at Protected Areas without imposing activity-based exceptions). The government's newly revealed interpretation would leave Plaintiffs unable to rely on the preliminary injunction's protections, which the government would have discretion to disregard before an enforcement action and quibble about afterwards.

The government could have shared this new argument with Plaintiffs' counsel during the conferral preceding Plaintiffs' motion for an order to show cause, but it did not. *See* Ex. 4. That it did not suggests this argument only developed afterwards and reinforces the inference that DHS may be offering only post-hoc justifications for its conduct at the church. *See* ECF 117 at 10. At best, the government's seemingly haphazard approach to justifying itself suggests it lacks a reliable method of internally coordinating its interpretation of and compliance with the Court's order. In any event, it is increasingly apparent that the government lacked such coordination with respect to operations in and around University Baptist Church.

The flawed understanding of the Court's order that the government has now embraced to justify its past violations only heightens the threat to Plaintiffs of additional future violations and provides even further reason for the Court to order Defendants to show cause why they should not be held in contempt.

Dated: August 23, 2026

Respectfully submitted,

/s/ J. Sterling Moore
J. Sterling Moore*
Kevin E. Friedl*
Sarah Goetz*
Andrew Bookbinder*
Mark B. Samburg
Ayesha Khan*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
smoore@democracyforward.org
kfriedl@democracyforward.org
sgoetz@democracyforward.org
abookbinder@democracyforward.org
msamburg@democracyforward.org
akhan@democracyforward.org

Ryan Downer*
Madeleine Gates*
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St. NW, Suite 400
Washington, DC 20005
ryan_downer@washlaw.org
madeleine_gates@washlaw.org

Richard J. Leveridge*
Sonia W. Murphy*
Brandon A. Levey*
Samone Ijoma*
Brittney M. Welch*
GILBERT LLP
700 Pennsylvania Ave. SE #400
Washington, DC 20003
Leveridger@gilbertlegal.com
Murphys@gilbertlegal.com
Leveyb@gilbertlegal.com
Ijomas@gilbertlegal.com
Welchb@gilbertlegal.com

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On August 23, 2026, I served the foregoing on all parties by electronically filing it through the CM/ECF system.

*/s/ J. Sterling Moore*
J. Sterling Moore