# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NEW ENGLAND SYNOD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 4:25-cv-40102-FDS |

**SUPPLEMENTAL DECLARATION OF JOHN C. VARRONE**

I, John C. Varrone, declare as follows:

1. I am the Acting Deputy Assistant Director (DAD) of Domestic Operations within Homeland Security Investigations (HSI) at U.S. Immigration and Custom Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). As the Acting DAD, I am responsible for supervising HSI's 237 domestic field offices by ensuring implementation and adherence to investigative governance, overseeing all major enforcement initiatives, and deconflicting field operations. I also oversee over 7,100 special agents across 30 Special Agent in Charge Offices. HSI protects the homeland from global crime and threats by conducting significant and complex criminal investigation into individuals and international criminal networks that violate the United States' laws. HSI focuses their efforts on combating the transnational criminal networks that pose the greatest threats to the security of the United States.

2. I have been employed by HSI since 2008. I began my law enforcement career as a Special Agent with HSI, assigned to the Newark, New Jersey field office. During my tenure with

HSI, I have served as a Supervisory Special Agent overseeing the Newark Liberty International Airport Response Group and the Financial Money Laundering Group. I transitioned to Headquarters where I served as the Program Manager for the Executive Leadership Security and Logistics team, Domestic Operations Chief for the Southwest, and Division Chief for Domestic Operations. Most recently, I served as the Assistant Special Agent in Charge of a division in Newark, New Jersey with oversite of programmatic areas consisting of Human Trafficking, Child Exploitation, Cyber Investigations, and Investigative Programs where I was responsible for oversite and operations control for approximately 50 personnel.

3. I am aware that, on September 4, 2026, this Court ordered defendants to provide a supplemental declaration on or before September 25, 2026, setting forth, in a reasonable degree of detail, all instances of which it is aware of any actual or potential violations of the preliminary injunction entered in this matter on February 13, 2026. The Court defined a potential violation of the order as one in which a reasonable person could take the view that the order was or may have been violated, even if the government does not believe that a violation occurred, and whether or not any participant actually intended to violate the order.

4. Following the Court's Order of September 4, 2026, HSI searched its records for additional potential violations of the preliminary injunction. HSI does not currently maintain tracking for "conducting an immigration enforcement action" at or near sensitive locations as described. It is routine practice, not standard policy, for Domestic Operations to be made aware of operations at a sensitive location such as a house of worship or a school. Those notifications may be made via email. Checks of emails within Domestic Operations, as it pertains to search terms "sensitive location" related to immigration enforcement action yielded negative applicable results. Domestic Operations also discussed the topic amongst Operations Chiefs and that also

yielded negative applicable results. The field offices were instructed to conduct similar checks, discussions, and searches, for requested materials. All results from the field offices yielded negative results.

5. Domestic Operations did locate one (1) instance of a Worksite Enforcement Operation that occurred at a Public School on July 23, 2025, however, that operation targeted a construction company that was performing renovations on the school during the summer and took place before the February 13, 2026 preliminary injunction. HSI Atlanta made twelve (12) administrative arrests during that operation.

6. Based on the above review, HSI's recent search efforts laid out in paragraph 4 did not yield any potential violations of the preliminary injunction.

I, John C. Varrone, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

JOHN C VARRONE JR

Digitally signed by JOHN C VARRONE JR
Date: 2026.09.25 14:53:31 -04'00'

Executed on Date: September 25, 2026

______________________________

John C. Varrone
Acting Deputy Assistant Director
Domestic Operations
Homeland Security Investigations
U.S. Immigration and Custom Enforcement
U.S. Department of Homeland Security