**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| **New England Synod, Evangelical Lutheran Church in America,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**Department of Homeland Security,** *et al.*,<br><br>Defendants. | **Case No. 4:25-cv-40102-FDS** |

**CONDITIONAL (SECOND) MOTION FOR PRELIMINARY INJUNCTION**

At the October 14, 2026, hearing on the parties' cross-motions for summary judgment and Defendants' motion to sever, the Court indicated that it was considering waiting to resolve those motions until after the First Circuit decides the pending appeal of the preliminary injunction in this case. The Court further indicated that, if Plaintiffs face ongoing irreparable harm while the appeal plays out, an alternative means to address that harm would be to seek an additional preliminary injunction as to those Plaintiffs not covered by the existing injunction.

Plaintiffs respectfully maintain that, because the First Circuit is unlikely to decide the appeal until late 2027, because the majority of Plaintiffs are currently experiencing ongoing irreparable harms of exactly the kind the Court identified in its preliminary injunction decision, and because the parties' motions have now been fully briefed and argued and are ripe for decision, the most appropriate and efficient course would be for the Court to proceed to resolve those motions without waiting on the appeal. Should the Court disagree, however, the fourteen

Plaintiffs not covered by the Court's existing preliminary injunction ("Moving Plaintiffs") seek a preliminary injunction that would provide them the same protections as the existing injunction.[1]

## BACKGROUND

In July 2025, eleven of the current Plaintiffs filed this suit and moved for preliminary relief. While that motion was pending, the parties jointly moved to stay Defendants' obligation to answer the complaint (and thus Plaintiffs' deadline to file an amended complaint as of right naming additional parties). ECF No. 63; *see also* Fed. R. Civ. P. 15(a)(1). The Court granted that request. ECF No. 64.

Earlier this year, the Court granted a preliminary injunction as to eight of the eleven initial Plaintiffs. ECF Nos. 74, 75. As relevant here, it found that these Plaintiffs had shown they likely had standing, were likely to succeed on their claims under the Religious Freedom Restoration Act, and were likely to suffer irreparable harm in the absence of an injunction. Defendants appealed from the grant of a preliminary injunction, and Plaintiffs conditionally cross-appealed from the denial of a stay under 5 U.S.C. § 705. ECF Nos. 87, 93.

In this Court, the parties jointly moved for a schedule under which Plaintiffs would file an amended complaint and the parties would proceed to cross-motions for summary judgment. ECF No. 86. The Court granted that request, ECF No. 91, and Plaintiffs subsequently filed an amended complaint that included eleven additional organizations injured by Defendants' challenged policy. ECF No. 97. The parties have since completed briefing the cross-motions for summary judgment, as well as Defendants' motion to sever ten of the newly added Plaintiffs, and

[1] The fourteen Moving Plaintiffs are: Southern New England Conference, United Church of Christ; D.C. Baptist Convention; San Francisco Friends Meeting; Pacific Yearly Meeting; North Pacific Yearly Meeting; and the Metropolitan New York, Northwest Washington, Minneapolis Area, Delaware-Maryland, Metro D.C., Southeastern, Metropolitan Chicago, Pacifica, and Upstate New York Synods of the Evangelical Lutheran Church in America.

the Court held a hearing on those motions on October 14. Those motions are now ripe for decision.

In the court of appeals, briefing is ongoing and will conclude no earlier than November 30, assuming no extensions of time. Only once the court hears oral argument—typically several months after briefing is complete—will the case be fully submitted and ready for decision. The median time for the First Circuit to issue a decision on the merits is 15.6 months from the filing of the notice of appeal, which for this case would be mid-August 2027. *See* U.S. Courts, *U.S. Court of Appeals Summary -- 12-Month Period Ending June 30, 2026* 2, https://perma.cc/2VYL-VT64. The nature of this case and the fact that it involves a cross-appeal, however, make it likely that the appeal will take longer than usual to resolve, meaning that a decision may not come until the end of 2027.

## LEGAL STANDARD

"To issue a preliminary injunction … , a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in its favor, and (4) that a preliminary injunction is in the public interest." *New England Synod v. DHS*, 824 F. Supp. 3d 118, 138-39 (D. Mass. 2026).

## ARGUMENT

### I. The Court has jurisdiction to proceed while the interlocutory appeal is pending.

The Court retains jurisdiction either to resolve this case on summary judgment or to grant a second preliminary injunction while the interlocutory appeal is pending.

First, it is well established that the filing of an interlocutory appeal from the grant of a preliminary injunction does not divest district courts of jurisdiction to proceed to final judgment.

"[F]urther proceedings in the same controversy often may continue in the district court while an appeal in an earlier phase is pending," and "[t]o conduct a trial and grant or deny a permanent injunction based on that trial is standard practice." *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011); *see also, e.g.*, *Tuli v. Brigham & Women's Hosp.*, 656 F.3d 33, 38 (1st Cir. 2011) (reflecting that court of appeals "deferred action on the original appeal [from the grant of a preliminary injunction], anticipating that it would be mooted by the superceding permanent injunction" that the district court subsequently entered); *Russomano v. Novo Nordisk Inc.*, No. 20-cv-10077-ADB, 2020 WL 2850253, at *1 (D. Mass. June 2, 2020) ("[T]he general rule for an interlocutory appeal of a preliminary injunction is that it does not defeat the power of the trial court to proceed further with the case." (quotation marks omitted)); *Rigby v. Damant*, 486 F. Supp. 2d 222, 225 (D. Mass. 2007) ("Appeal from an interlocutory order does not divest this court of jurisdiction to proceed with matters unrelated to the appeal."). Defendants agree. Thus, there is no jurisdictional barrier—and, in fact, the First Circuit has called it "standard practice," *Contour Design*, 649 F.3d at 34—to proceed to final judgment.

Second, the Court retains jurisdiction to consider this conditional motion for a preliminary injunction on behalf of the Moving Plaintiffs if it does not intend to proceed to final judgment at this time. While "a district court ordinarily may not alter the judgment under review" once an appeal has been taken, *id.*, it is free "to proceed further with the case," *Russomano*, 2020 WL 2850253, at *1. Thus, in *Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 78-79 (1st Cir. 2009), the district court was able to entertain a second motion for a preliminary injunction even while the denial of a first motion was on interlocutory appeal. And in *Bollat Vasquez v. Mayorkas*, 520 F. Supp. 3d 94, 96-97, 104 (D. Mass. 2021), the court properly adjudicated a second request for a preliminary injunction that would—like the injunction

conditionally requested here—apply to new plaintiffs who joined the case later via amended complaint. *See also, e.g.*, *Ind. Prot. & Advoc. Servs. Comm'n v. Ind. Fam. & Soc. Servs. Admin.*, 149 F.4th 917, 925 n.3 (7th Cir. 2025) ("A district court may resolve a new motion for a preliminary injunction after a previous injunction has been appealed." (citing *Adams v. City of Chicago*, 135 F.3d 1150, 1153-54 (7th Cir. 1998))); *Martin Luther King, Jr. Cnty. v. Turner*, 798 F. Supp. 3d 1224, 1236-38 (W.D. Wash. 2025) (considering and granting plaintiffs' third motion for a preliminary injunction, applying relief to newly added plaintiffs, while interlocutory appeals from prior PI decisions were pending); *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1105 n.3 (N.D. Cal. 2018) ("[A] district court has the authority 'to grant a second injunction pending an interlocutory appeal of the first.'" (quoting *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001))), *aff'd,* 950 F.3d 1242 (9th Cir. 2020).

**II. Judicial economy and the balance of equities favor proceeding to final judgment.**

Plaintiffs respectfully urge that the most appropriate path forward for this case is for the Court to proceed to resolve the pending cross-motions for summary judgment, as well as Defendants' motion to sever, without awaiting resolution of the appeal. As Plaintiffs have documented in their summary judgment papers, the fourteen Moving Plaintiffs are every day suffering irreparable injury of just the kind the Court identified in its preliminary injunction order. *See* ECF No. 74 at 54-55. To keep proceedings on track to a prompt resolution and to avoid burdening the Court with potentially duplicative motions practice, Plaintiffs did not previously seek a preliminary injunction for the newly added Plaintiffs, and instead negotiated a schedule with Defendants to move directly to summary judgment on all claims.

Defendants, for their part, have never moved to stay proceedings pending the appeal, and instead previously agreed with Plaintiffs that the case should proceed to final judgment. *See* ECF

No. 86 at 2 (in joint motion for scheduling order, stating that "[t]he Parties agree the following schedule of proceedings will best conserve the Court's and the Parties' resources, lessen hardships to the Parties, and serve judicial economy"). Indeed, Defendants could not possibly have met their burden under controlling law to justify a stay, had they sought one. That precedent requires that, where a stay would "work damage to some one else," "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *accord Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983).

Here, staying proceedings for as long as a year or more before even beginning to consider the pending summary judgment motions (presumably after supplemental briefing following the First Circuit's decision) would plainly "work damage" to the Moving Plaintiffs, none of which are protected by the existing injunction and all of which are suffering ongoing harm to fundamental rights. In contrast, Defendants could not show any burden at all—let alone a "clear case of hardship or inequity"—in being required to move forward, particularly given that summary judgment briefing is complete and nothing more is required of the government before this case can reach final judgment. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). And because resolution of this case at summary judgment would moot the pending interlocutory appeal, considerations of judicial economy strongly favor proceeding to final judgment and allowing the First Circuit to consider a single appeal, with the benefit of the full factual record now assembled. *See Contour Design*, 649 F.3d at 34 (calling this procedure "standard practice"); *see also Geo Grp., Inc. v. Menocal*, 607 U.S. 438, 444 (2026) (emphasizing that "[the] final-judgment rule, by preventing piecemeal

appeals, promotes the efficient administration of justice and preserves the proper balance between trial and appellate courts" (quotation marks omitted)).

There is likewise no reason to postpone consideration of Defendants' motion to sever. Plaintiffs acted well within their rights under the Federal Rules of Civil Procedure, the federal venue statute, and the schedule jointly proposed by the parties and entered by the Court, ECF Nos. 86, 91, in filing a first amended complaint naming additional Plaintiffs. Defendants have (correctly) never argued that venue is improper. They have not shown any prejudice from Plaintiffs' entirely commonplace exercise of their rights to name additional parties and to proceed together in an appropriate venue. *Cf., e.g.*, *Massachusetts v. Dep't of Educ.*, 828 F. Supp. 3d 198, 202 (D. Mass. 2026) (resolving request for preliminary relief filed by 17 plaintiffs, only one of which resides in this District); *Massachusetts v. Dep't of Educ.*, 831 F. Supp. 3d 34, 37-38, 41 (D. Mass. 2026) (extending same preliminary relief to 12 plaintiff-intervenors, only one of which resides in this District).[2] The arguments Defendants have offered about the wisdom of nationwide injunctions are not relevant here, where Plaintiffs do not seek (and have never sought) a nationwide injunction, and instead seek relief on their own behalf. *Cf.* ECF No. 74 at 61 (underscoring that Court was not issuing a nationwide injunction). Nor have Defendants cited a single case severing plaintiffs in circumstances like these.

Furthermore, because none of the issues raised in the motion to sever are even indirectly implicated by the pending interlocutory appeal, the First Circuit's decision will shed no light on

---

[2] *Cf. also Massachusetts v. NIH*, 770 F. Supp. 3d 277, 287-88 (D. Mass. 2025) (resolving request for relief by 44 plaintiffs in three consolidated actions), *aff'd*, 164 F.4th 1 (1st Cir. 2026); *California v. Trump*, 840 F. Supp. 3d 37, 52 (D. Mass. 2026) (resolving request for relief by 19 plaintiffs), *appeal pending*, No. 26-2038 (1st Cir.); *New York v. McMahon*, 784 F. Supp. 3d 311, 324-25 (D. Mass. 2025) (resolving request for relief by 28 plaintiffs in two consolidated actions); *Venezuelan Ass'n of Mass. v. USCIS*, --- F. Supp. 3d ----, 2026 WL 2255272, at *6 (D. Mass. Aug. 5, 2026) (resolving request for relief by five plaintiffs).

those issues, and there is thus no reason to await resolution of the appeal before deciding the motion. To the contrary, waiting to resolve the motion to sever would severely prejudice any Plaintiffs who were ultimately dismissed from this case because they would be set back by perhaps a year or more in even *beginning* to seek relief for ongoing irreparable injuries.

**III. If the Court instead preferred to await resolution of the appeal, it should grant a preliminary injunction as to the Moving Plaintiffs.**

If the Court were inclined to await resolution of the appeal, then it should grant a second preliminary injunction providing Moving Plaintiffs the same protections afforded those Plaintiffs covered by the existing preliminary injunction. Without such relief, the Moving Plaintiffs would be subject to exactly the same forms of irreparable harm that the Court already identified in its preliminary injunction order for the entirety of the year or more it may take the court of appeals to issue a decision, the parties to provide any supplemental briefing in this Court, and the Court to then resolve the Plaintiffs' requests for relief.

Adjudicating this conditional motion for a preliminary injunction would not require the Court to plow any significantly new ground, including by resolving Plaintiffs' claims under the Administrative Procedure Act or their arguments about application of the injunction to administrative warrants. The Court could instead issue the injunction based on largely the same reasoning in its prior preliminary injunction decision and after review of the relevant evidence and arguments already submitted by the Moving Plaintiffs in their summary judgment papers (including the additional evidence of harm offered by the three Quaker Plaintiffs that the Court previously determined had not yet established standing). That copious, detailed, and undisputed evidence demonstrates that there are no relevant "differences between the claims of the [newly added Plaintiffs] and the original plaintiffs"—and certainly no differences that are "sufficiently significant to warrant a different result." *See Dep't of Educ.*, 831 F. Supp. 3d at 37-38 (explaining

that the Court would "extend the scope of its preliminary injunction to include the [newly added plaintiffs]"). Just like those Plaintiffs covered by the existing injunction, the Moving Plaintiffs have standing to challenge the 2025 Policy, are likely to succeed on the merits of their RFRA claims, and are experiencing ongoing irreparable harm, and the balance of equities strongly favors preliminary relief.

**CONCLUSION**

For all these reasons, if the Court decides to await resolution of the appeal before reaching final judgment, then it should grant a preliminary injunction as to Moving Plaintiffs to prevent ongoing irreparable harm to fundamental rights.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Kevin E. Friedl*

Kevin E. Friedl*
J. Sterling Moore*
Sarah Goetz*
Mark B. Samburg
Ayesha Khan*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Phone: (202) 448-9090
Fax: (202) 796-4426
kfriedl@democracyforward.org
smoore@democracyforward.org
sgoetz@democracyforward.org
msamburg@democracyforward.org
akhan@democracyforward.org

Ryan Downer*
Madeleine Gates*
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St. NW, Suite 400
Washington, DC 20005
ryan_downer@washlaw.org
madeleine_gates@washlaw.org

Richard J. Leveridge*
Sonia W. Murphy*
Brandon A. Levey*
Samone Ijoma*
Brittney M. Welch*
GILBERT LLP
700 Pennsylvania Ave. SE #400
Washington, DC 20003
Leveridger@gilbertlegal.com
Murphys@gilbertlegal.com
Leveyb@gilbertlegal.com
Ijomas@gilbertlegal.com
Welchb@gilbertlegal.com

*Admitted *pro hac vice*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

Prior to filing this motion, I conferred with counsel for Defendants and attempted in good faith to resolve or narrow the issues raised. The parties were unable to resolve or narrow the issues, and Defendants oppose the relief requested.

*/s/ Kevin E. Friedl*
Kevin E. Friedl

**CERTIFICATE OF SERVICE**

On October 20, 2026, I served the foregoing on all parties by electronically filing it through the CM/ECF system.

*/s/ Kevin E. Friedl*
Kevin E. Friedl